799 P.2d 860

**STATE of Arizona, ex rel., Charles L. MILLER, Director, Department of Transportation, Plaintiff/Appellant,**

v.

**TUCSON ASSOCIATES LIMITED PARTNERSHIP, an Arizona Limited Partnership; Clementine A. Dixon, a widow, as her sole and separate property; City of Tucson; Don's Arizona Autoparks, Inc., an Arizona Corporation; Pima County Treasurer, Defendants/Appellees.**

Nos. 2 CA–CV 89–0148, 2 CA–CV 89–0149.

Court of Appeals of Arizona, Division 2, Department A.

March 27, 1990.

Review Denied Nov. 6, 1990.

Robert K. Corbin, Atty. Gen. by Joe Acosta, Jr. and Leonardo Ruiz, Phoenix, for plaintiff/appellant.

Stubbs & Schubart, P.C. by G. Lawrence Schubart, Tucson, for defendants/appellees.

OPINION

HOWARD, Judge.

This is a consolidated appeal from two condemnation cases which were consolidated for trial. The only issue is whether the trial court erred in admitting into evidence under 17A A.R.S.Rules of Evid., Rule 803(8)(C), Exhibit 60, a water resources investigation report of the United States Geological Survey published and offered

for sale to the public by the Department of the Interior. The author of the report did not testify at trial.

■ Upon appellee's offer to admit the report into evidence, the state objected on grounds of hearsay and improper authentication. The state raises the same two objections on appeal in addition to two others not made in the trial court—that the report contains opinions and that there was no evidence that the report was made "pursuant to authority granted by law." As for these latter two objections not raised at trial, they are waived and should not be considered on appeal. *Shell Oil Co. v. Gutierrez*, 119 Ariz. 426, 581 P.2d 271 (App.1978).[1] However, one of them will be discussed for reasons hereinafter set forth.

As far as the authentication of the report is concerned, it was self-authenticated pursuant to Rule 902(5), 17A A.R.S.Rules of Evid., as an official publication.

■ Rule 803(8)(C) makes admissible as a hearsay exception in civil cases "... factual findings resulting from an investigation made pursuant to authority granted by law." Even though the state waived any objection to the admissibility of this report on the ground that it contained opinions, we take this opportunity, in view of a recent United States Supreme Court case, to consider our prior pronouncement on this rule. In *Ferguson v. Cessna Aircraft Co.,* 132 Ariz. 47, 643 P.2d 1017 (App.1981), we held that opinions and conclusions of the person making the report were not admissible under Rule 803(8)(C). At the time we made this ruling the federal circuit courts were sharply divided on the meaning of this rule, but the United States Supreme Court in *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988), took note of the split and resolved the issue. After reviewing the legislative history of the rule, the Court concluded that neither the language of the rule nor the intent of its drafters calls for a distinction between "fact" and "opinion." The Court further stated:

A broad approach to admissibility under Rule 803(8)(C), as we have outlined it, is also consistent with the Federal Rules' general approach of relaxing the traditional barriers to "opinion" testimony. Rules 702–705 permit experts to testify in the form of an opinion, and without any exclusion of opinions on "ultimate issues." And Rule 701 permits even a lay witness to testify in the form of opinions or inferences drawn from her observations when testimony in that form will be helpful to the trier of fact. We see no reason to strain to reach an interpretation of Rule 803(8)(C) that is contrary to the liberal thrust of the Federal Rules.

488 U.S. at 169, 109 S.Ct. at 450. The Court then went on to hold:

... that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.

Id.

With few exceptions Arizona has adopted the Federal Rules of Evidence. See M. Udall and J. Livermore, Arizona Practice: Law of Evidence § 2 (2d ed. 1982). Federal court interpretations of the rules are therefore persuasive. We adopt the interpretation of the rule as expressed in the *Beech Aircraft* case, and any statement to the contrary in *Ferguson v. Cessna Aircraft Co., supra,* is expressly overruled.

The appellees' request for attorney's fees for the pursuit of a frivolous appeal is denied.

Affirmed.

ROLL, P.J., and HATHAWAY, J., concur.

---

1. In any event, the water resources report was prepared pursuant to authority granted to the United States Geological Survey by 43 U.S.C. §§ 31, 41 and 50.