931 P.2d 1109

The STATE of Arizona, Appellee,

v.

John Edward SULLIVAN, Appellant.

No. 2 CA–CR 95–0414.

Court of Appeals of Arizona,
Division 2, Department A.

July 11, 1996.

Review Denied Feb. 26, 1997.

Grant Woods, Attorney General by Paul J.
McMurdie and Ginger Jarvis, Phoenix, for
Appellee.

Isabel G. Garcia, Pima County Legal Defender by Scott A. Martin, Tucson, for Appellant.

## OPINION

PELANDER, Presiding Judge.

Appellant John E. Sullivan (also known as "Jesse") was convicted by a jury of one count of child abuse, a class four felony, for intentionally or knowingly causing injury to "C," a two-year-old child, by burning him August 23 or 24, 1994. The trial court sentenced appellant to a three year probationary term and fined him $500. In this appeal, appellant primarily contends the trial court erred in admitting hearsay testimony under Rule 803(4), Ariz. R. Evid., 17A A.R.S. For the reasons stated below, we affirm.

## FACTS

Viewing the evidence in the light most favorable to sustaining the verdict, *State v. Zmich*, 160 Ariz. 108, 109, 770 P.2d 776, 777 (1989), the facts are as follows. On August 29, 1994, Dr. Melissa Miller, a pediatrician, discovered lesions on C's leg during the course of a well-baby examination. According to Dr. Miller, the lesions, which had not been present when she last saw C on August 19, appeared to be cigarette burns. In her opinion, the lesions were five to six days old and were of a nonaccidental nature. She asked C how he got the "owees" on his leg, to which C responded, "Jesse did it." Dr. Miller called Child Protective Services (CPS), which responded immediately and took photographs of the burns.

At the time of Dr. Miller's discovery, C was living with Shirley Hay, a CPS employee and friend of C's mother. Hay was taking care of C during a time when C's father was dying. During that same time, appellant, a smoker, was living with C's mother. On August 23, Hay took C to day care and did not see any lesions on his legs when dressing him that morning. C's mother retrieved him from day care later that day and, after C spent the night with her, took him back to day care the next morning. Day care center employees noticed unusual marks or wounds on C's leg that day. Hay picked up C later that day and noticed four unusual marks on his leg. She called CPS because she was concerned that C had been abused, but CPS did not investigate the report. Hay accompanied C to Dr. Miller's office on August 29.

## DISCUSSION

■ Relying on *State v. Jeffers*, 135 Ariz. 404, 661 P.2d 1105, *cert. denied,* 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983), and *State v. Reidhead,* 146 Ariz. 314, 705 P.2d 1365 (App.1985), appellant contends the trial court erred in admitting C's statement to Dr. Miller that "Jesse did it," arguing it was hearsay not within the exception of Rule 803(4). "Absent clear abuse of discretion, we will uphold the trial court's decisions on questions of the admissibility of evidence." *State v. Prince,* 160 Ariz. 268, 274, 772 P.2d 1121, 1127 (1989).

We first note that appellant may have waived his challenge to that aspect of Dr. Miller's testimony by not specifically objecting to it at trial. Just before the trial started, the state indicated that it would not call C as a witness because he was "not real verbal" and probably not competent to testify. The state then moved to admit C's statement through Dr. Miller's testimony under Rule 803(4). In response, appellant's counsel contended that because C had made various inconsistent statements to others as to what had caused his injuries, his statement to Dr. Miller was "somewhat unreliable." Counsel never specifically asserted in the trial court that C's statement was outside the hearsay exception of Rule 803(4), but rather urged that if the statement were to be admitted, "the inconsistent statements should come in as well."

After hearing from both sides, the court decided to admit C's statement under Rule 803(4), finding that "it indicates the external source of the pain or injury" and noting that a "weighing of reliability" was not necessary for admissibility under that rule. Appellant's counsel seemingly agreed with the trial court's decision to admit the statement through Dr. Miller's testimony "as well as the contrary statements as to the cause made [by C] to other individuals." Dr. Miller testi-

fied the next day, without objection, about C's statement.

In accordance with its ruling, the trial court also admitted other consistent and inconsistent statements C made to other individuals. For instance, a day care worker testified that when she asked C what had happened to his legs, he first replied "[t]he dog did it," and then said "Jesse did it." Hay testified that when she asked C the same question on August 24, he said "[a] tree." A police detective testified that C told her "Jesse did it."

Under these circumstances, appellant arguably waived any objection to Dr. Miller's testimony. *See Prince,* 160 Ariz. at 274, 772 P.2d at 1127; *cf. State v. Allen,* 157 Ariz. 165, 170, 755 P.2d 1153, 1158 (1988). If so, appellant's counsel's tactical decision regarding these evidentiary matters may not be parlayed now into a claim of reversible error. Because the state has not alleged waiver, however, and because the state's counsel advised the trial court that both sides desired a pre-trial ruling on the admissibility of C's statement to Dr. Miller, we reach the substantive evidentiary issues raised by appellant. *Cf. State ex rel. Miller v. Tucson Assoc. Ltd. Partnership,* 165 Ariz. 519, 520, 799 P.2d 860, 861 (App.1990).

█ Assuming appellant did not waive his present contention, the trial court did not err in admitting C's statement under Rule 803(4). The rule permits admission of hearsay statements "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." The rationale behind the exception is that "doctors will seek and patients will give reliable information to further necessary medical treatment." *State v. Robinson,* 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

In *Jeffers,* our supreme court established a two-part test for determining whether a contested statement is "reasonably pertinent to diagnosis or treatment": "(1) whether the declarant's motive is consistent with receiving medical care; and (2) whether it is rea-

sonable for the physician to rely on the information in diagnosis or treatment." 135 Ariz. at 420–21, 661 P.2d at 1121–22. The court noted that statements about fault do not usually qualify under the exception in Rule 803(4). *Id.* at 421, 661 P.2d at 1122.

This court applied the *Jeffers* analysis in *Reidhead,* an appeal from a child abuse conviction. In that case, a physician saw a four-year-old patient for consultation and treatment relating to the child's broken arm. The doctor was allowed to testify, over defendant's objection, that during her exam the child told her, "Daddy twisted my arm." 146 Ariz. at 315, 705 P.2d at 1366. The child and his mother were unavailable to testify. This court reversed, concluding that the statement of fault was not reasonably pertinent to diagnosis or treatment because "identification of the person who twisted the child's arm [was] not necessary for the doctor to make his medical determination as to the nature of the injury." *Id.* at 316, 705 P.2d at 1367. In dissenting, Judge Hathaway concluded that child abuse should be considered a medical diagnosis defined by who inflicted the injuries, that identifications by children are inherently reliable, and that the public policy of this state is to protect children against abuse. *Id.* at 316–22, 705 P.2d at 1367–73.

Our supreme court revisited this hearsay exception in *Robinson,* a case in which the defendant had been convicted of several counts of sexual conduct with a minor and child molestation. One of the victims, a five-year-old, told her treating psychologist about the details of the abuse and who had abused her. The child did not testify at trial, and the trial court allowed the psychologist to testify about the victim's statements. Applying the two-part test articulated in *Jeffers,* the supreme court found that the statements describing the abuse were admissible hearsay because (1) the child had made the statement during the course of treatment and nothing in the record indicated that the child's intent was other than to obtain treatment, and (2) the doctor's testimony demonstrated that "the cause of [the child's] injuries and the identity of her abuser were critical to effective diagnosis and treatment." 153 Ariz. at 199, 735 P.2d at 809.

While acknowledging that the identity of the abuser and other statements of fault usually are not admissible under Rule 803(4) because they are irrelevant to diagnosis or treatment, the court noted that the general rule is "inapplicable in many child sexual abuse cases because the abuser's identity *is* critical to effective diagnosis and treatment." 153 Ariz. at 200, 735 P.2d at 810 (emphasis in original). Accordingly, the court held that "[a]t least in child sexual abuse cases, we therefore join the growing number of jurisdictions which recognize that statements regarding the abuser's identity fall within Rule 803(4) whenever, as here, identity is relevant to proper diagnosis and treatment." *Id.* The court reasoned that the psychological consequences of and treatment for sexual abuse may depend upon the identity of the abuser, i.e., a family member versus a stranger. The court also noted that identity may be important if "effective treatment ... require[s] that the victim avoid contact with the abuser, not just to prevent further abuse, but also to facilitate recovery from past abuse." *Id.*

Appellant failed to address the holding in *Robinson* or its effect on *Reidhead* and this case. *Robinson*, unlike this case, involved charges of sexual misconduct with a minor. Nonetheless, the rationale for allowing a treating physician to testify about an abused child's hearsay statements identifying the abuser applies to this type of case as well. The two concerns recognized in *Robinson* as supporting admission of those statements under Rule 803(4), the prevention of further abuse and the facilitation of recovery, also exist in cases of physical, nonsexual child abuse. In such cases, as in cases involving sexual abuse, "effective treatment may require that the victim avoid contact with the abuser." 153 Ariz. at 200, 735 P.2d at 810.

■ Although psychological sequelae may be more prevalent and severe in cases of child sexual abuse vis-a-vis nonsexual, physical abuse, we cannot say that is true in all or even most cases. "Child abuse is recognized as encompassing more than mere physical injury." *Goldade v. State*, 674 P.2d 721, 725

(Wyo.1983), *cert. denied,* 467 U.S. 1253, 104 S.Ct. 3539, 82 L.Ed.2d 844 (1984). Determinations of admissibility of a physician's testimony under Rule 803(4) should not be based on a possible difference in degree of psychological effects caused by various forms of child abuse. Accordingly, regardless of whether the child abuse also involves sexual misconduct, we adopt the holding of *Robinson* that "statements regarding the abuser's identity fall within Rule 803(4) whenever, as here, identity is relevant to proper diagnosis and treatment." 153 Ariz. at 200, 735 P.2d at 810.

To the extent that *Reidhead* articulated an irreconcilable approach, we believe *Robinson* implicitly overruled it. In its discussion of Rule 803(4), the court in *Robinson* cited with approval Judge Hathaway's dissenting opinion in *Reidhead. Id.* at 199–200, 735 P.2d at 809–10.[1] In addition, both the supreme court and Judge Hathaway cited *Goldade* in support of their analyses and conclusions. The court in *Goldade,* a nonsexual abuse case, held that a four-and-one-half-year-old child's statements to a nurse and treating physician, identifying her mother as the person who had caused bruises on the child's body, were properly admitted under Rule 803(4). As in this case, the child in *Goldade* was not a competent witness and therefore did not testify at trial. We agree with the Wyoming court that "[t]he identity of the person causing [the] injuries is a pertinent fact in these circumstances." 674 P.2d at 726.

■ We emphasize, however, that the trial court should admit hearsay statements identifying a perpetrator or attributing fault only when the state demonstrates under Rule 803(4) that they are relevant to diagnosis or treatment. Here, Dr. Miller testified that it was important for her to determine "any history about these particular lesions" and that "[t]he history is just as important as the physical examination in determining a diagnosis." That testimony, particularly in the absence of any objection by appellant, provided sufficient foundation for admitting C's statement through Dr. Miller's testimony under Rule 803(4). The trial court did not

---

1. Our supreme court also has noted, albeit in *dictum:* "We have already recognized the necessity of a liberal interpretation of the rules in cases involving child molesting and would, no

doubt, reach a similar result in cases involving child abuse and similar crimes." *State v. Rivera,* 139 Ariz. 409, 413 n. 1, 678 P.2d 1373, 1377 n. 1 (1984).

abuse its discretion in admitting the evidence. *Prince,* 160 Ariz. at 274, 772 P.2d at 1127.

■ We summarily dispose of appellant's remaining contentions. Because the trial court did not err in admitting Dr. Miller's testimony about C's statement under Rule 803(4), there was no violation of appellant's right under the federal and state constitutions to confront witnesses against him. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. As appellant correctly notes, if hearsay evidence falls " 'within a firmly rooted hearsay exception,' " that alone provides " 'indicia of reliability' sufficient to avoid a violation of the confrontation clause." *Robinson,* 153 Ariz. at 204, 735 P.2d at 814, *quoting Ohio v. Roberts,* 448 U.S. 56, 67, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597, 608 (1980).

■ Finally, the trial court did not abuse its discretion in denying appellant's motion for judgment of acquittal under Rule 20, Ariz. R.Crim. P., 17 A.R.S. In evaluating that contention, we view the evidence in the light most favorable to supporting the verdict and will reverse only if there is a complete absence of "substantial evidence" to support the conviction. *State v. Atwood,* 171 Ariz. 576, 596–97, 832 P.2d 593, 613–14 (1992), *cert. denied,* 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993). Appellant, a smoker, had overnight access to C during the time C was injured. In addition, when asked what had caused his leg burns, C reported to three different people at different times that "Jesse did it." Although the trial court admitted inconsistent statements C had made indicating a dog or a tree caused his injuries, the only person he consistently identified as the perpetrator was appellant. There was sufficient evidence of guilt to submit the case to the jury, and the trial court did not err in denying appellant's Rule 20 motion.

We have searched the record for fundamental error and have found none. Affirmed.

LIVERMORE, J., and ARES, J. Pro. Tem., concur.