NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MORGAN JAY FOARD, *Appellant.*

No. 1 CA-CR 17-0781
FILED 7-5-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201601357
The Honorable Richard Weiss, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

J O H N S E N, Judge:

¶1          Morgan Jay Foard timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of reckless child abuse, a Class 5 felony. Foard's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Foard was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Foard's conviction and probation.

### FACTS AND PROCEDURAL BACKGROUND

¶2          School officials gave Foard's third-grade daughter a disciplinary report to take home to her parents.[1] Foard picked her up from school that day and was angry to see the report. When they arrived home, Foard slapped his daughter across the face, causing bruising around her eye.

¶3          The victim stayed home from school the next day, and when she returned to school the day after, her teacher noticed the bruise. The teacher alerted school administrators, and the victim was sent to the office of the school health attendant. The attendant saw bruises on the victim's face. When the attendant asked the victim how her eye became bruised, she at first said she was injured playing with her cat, but later admitted that Foard had hit her in the face.

¶4          Police interviewed the victim and photographed her face and leg, which also was bruised. When police questioned Foard, he admitted

---

[1]     Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Foard. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

"spanking" his daughter in the face one time. He was arrested and later released.

**¶5**        During a two-day trial, the victim testified Foard slapped her face but denied he kicked her leg. The jury convicted Foard of one count of child abuse in connection with the bruise on the victim's face, but acquitted him on a second charge related to leg bruise. The court suspended sentence and imposed a three-year term of probation with one day in jail.

**¶6**        Foard timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033 (2018).[2]

## DISCUSSION

**¶7**        The record reflects Foard received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.

**¶8**        The court did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Foard's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974). Over Foard's objection, the court granted a motion by the State to allow the school health attendant to testify. Because the victim testified, the attendant's testimony recounting the victim's statement that Foard slapped her face did not violate the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Nevertheless, the testimony arguably was inadmissible hearsay under Arizona Rule of Evidence 803(4) because there was no evidence that the victim sought treatment from the medical attendant. *See State v. Sullivan*, 187 Ariz. 599, 601 (App. 1996). But Foard was not prejudiced by the statement because (1) the victim testified that he had slapped her, causing a bruise on her face, and (2) he himself acknowledged he had slapped her face once.

**¶9**        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a permissible term of probation.[3]

## CONCLUSION

**¶10**      We have reviewed the entire record for reversible error and find none, and therefore affirm the conviction and resulting imposition of probation. *See Leon*, 104 Ariz. at 300.

**¶11**      Defense counsel's obligations pertaining to Foard's representation in this appeal have ended. Counsel need do no more than inform Foard of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Foard has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Foard has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3]      We note that Foard was jailed for two days after his arrest, but the court credited him with only one day of presentence incarceration.