NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MARK ANDREW NEWMAN, *Appellant*.

No. 1 CA-CR 22-0123
FILED 1-31-2023

Appeal from the Superior Court in Maricopa County
No. CR2021-102942-001
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Kathryn A. Damstra
*Counsel for Appellee*

Mark Andrew Newman, Florence
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann[1] joined.

---

**C R U Z**, Judge:

**¶1**        Mark Andrew Newman appeals his convictions and sentences for kidnapping, sexual abuse, and attempted sexual abuse. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        The victim and her sister were at a laundromat one January morning when a stranger—later identified as Newman—approached the victim from behind and hugged her. Although she found it "very odd that someone had their arms around [her]," Newman "seemed friendly enough" and "very childish," so she was not scared. She thanked him for the hug, then distanced herself from him.

**¶3**        The victim soon left the laundromat to get coffee. When she returned, she saw Newman standing against her washers, which "caught [her] off guard." Undeterred, she approached the washers where Newman attempted to hug her. She avoided his embrace and asked him to move. He stepped away but once again tried to hug her. She told him to leave her alone, and he moved away.

**¶4**        Believing "something [was still] just not right," the victim turned on her cell phone's video recorder and aimed it at Newman, then

---

[1]        Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to Arizona Revised Statutes ("A.R.S.") section 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

began to fold her laundry on a counter. Newman pressed his body against her back, pinned her to the counter, grabbed her hands, pressed his "very aroused" penis against her buttocks, and started rubbing his penis on her.

**¶5** The victim reached for her cell phone but knocked it over, and it stopped recording. Newman told her that they would be going for a drive and taking a long hike. He grabbed her hands, forced them underneath her shirt, and made her caress her breasts. Newman eventually let her go and walked away, saying he would return.

**¶6** A laundromat patron, Walter Weir, witnessed the events, and he initially assumed that the victim and Newman were a couple. After Newman released the victim, however, she looked at Weir in "pure panic" and told him she did not know Newman. At that point, Weir stepped between them and instructed Newman to leave. Newman departed but returned to the laundromat three more times, leading Weir to call 9-1-1. When the officers arrived, Weir directed them to the victim, who was "shaken up and scared." After she identified Newman and recounted the events to the officers, they detained him.

**¶7** A grand jury indicted Newman with one count each of kidnapping (count one), sexual abuse (count two), and attempted sexual abuse (count three). Newman represented himself at trial and testified in his defense. He admitted that he was at the laundromat with the victim and was depicted in the victim's cell phone video.

**¶8** A jury found Newman guilty as charged. The superior court sentenced him to one and one-half years' imprisonment on count two to be followed by lifetime-probation terms on counts one and three. We have jurisdiction to hear Newman's timely appeal under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I. Sufficiency of the Evidence

**¶9** Newman's arguments on appeal appear to challenge the sufficiency of the evidence supporting his convictions. Specifically, he complains the "jury's verdict[s] of guilty [are] . . . a significant error in judgment," asserting the video recording shows he "behaved . . . in a non-aggressive, reasonable and respecting manner." We review sufficiency-of-the-evidence claims de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).

**¶10**     We view the evidence in the light most favorable to affirming the verdicts and "will reverse only if there is a complete absence of 'substantial evidence' to support the conviction." *State v. Ramsey*, 211 Ariz. 529, 542, ¶ 40 (App. 2005) (quoting *State v. Sullivan*, 187 Ariz. 599, 603 (App. 1996)).  Substantial evidence is "such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *West*, 226 Ariz. at 562, ¶ 16 (citation omitted).  Evidence is substantial as a matter of law when reasonable jurors could differ on whether it establishes a particular fact at issue.  *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).

**¶11**     "No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Cox*, 217 Ariz. 353, 357, ¶ 27 (2007) (quoting *State v. Clemons*, 110 Ariz. 555, 556-57 (1974)).  We do not reweigh conflicting evidence or reassess credibility.  *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013).  "Criminal intent, being a state of mind, is shown by circumstantial evidence.  [A] [d]efendant's conduct and comments are evidence of his state of mind." *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009) (citation omitted).  A victim's testimony may alone supply sufficient evidence to support a conviction, absent an account that is "physically impossible or so incredible that no reasonable person could believe it." *State v. Williams*, 111 Ariz. 175, 177-78 (1974).

### A.     Kidnapping

**¶12**     In pertinent part, to prove Newman kidnapped the victim, the State had to show he knowingly restrained her "with the intent to . . . [i]nflict . . . a sexual offense."  A.R.S. § 13-1304(A)(3).  Here, the victim testified that Newman pinned her against a counter and prevented her from escaping his grasp, then sexually abused her.  Weir corroborated the victim's account, explaining Newman groped the victim for about two minutes.  The cell phone video captured part of the incident.  Thus, substantial evidence supports the kidnapping conviction.

### B.     Sexual Abuse

**¶13**     As relevant here, to convict Newman of sexual abuse, the State had to prove he intentionally or knowingly engaged in sexual contact with the victim, who was more than fifteen years old, without her consent.  *See* A.R.S. § 13-1404(A).  "Sexual contact" is defined as "any direct or indirect touching, fondling or manipulating of any part of the

genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact." A.R.S. § 13-1401(A)(3)(a).

¶14 The victim testified that without her consent, Newman pressed and rubbed his erect penis against her buttocks. Weir's testimony and the cell phone video substantiated the victim's account. Therefore, sufficient evidence supports Newman's sexual abuse conviction.

C. Attempted Sexual Abuse

¶15 A person "attempt[s]" to commit a crime by, inter alia, "[i]ntentionally do[ing] . . . anything which . . . is any step in a course of conduct planned to culminate in commission of an offense." A.R.S. § 13-1001(A)(2). The victim testified that Newman grabbed her hands and moved them under her shirt, causing her to caress her breasts. Because her testimony establishes Newman tried to touch her breasts without her consent, substantial evidence supports the attempted sexual abuse conviction.

¶16 In sum, Newman's sufficiency-of-the-evidence challenge fails because it amounts to a request for us to reweigh the evidence and reassess credibility, which we will not do. Accordingly, he is not entitled to relief.

II. General Claims of Error

¶17 Newman seemingly raises several additional claims suggesting the superior court erroneously applied the evidentiary rules and gave improper jury instructions. He fails to identify those errors, however, and does not develop any argument supporting his complaints. Nor does he provide any citations to the record or legal authority. Instead, he merely lists several "possible issues to consider," including "minor mistakes" and errors in the testimony, insufficient time for "juror comprehension and juror questioning," and the jurors' alleged misunderstanding of the testimony. Because he has not briefed these issues in a manner permitting review, we decline to address them. *See* Ariz. R. Crim. P. 31.10(a)(7); *State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n.9 (2004) ("In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (quoting *State v. Carver*, 160 Ariz. 167, 175 (1989)).

**CONCLUSION**

¶18      We affirm Newman's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA