184 Ariz. 627 (1996)
911 P.2d 633
A.H., a dependant victim, by Richard WEISS, her attorney-guardian ad litem, Petitioner,
v.
SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MOHAVE, the Honorable Robert R. Moon, a judge thereof, Respondent Judge, and The STATE of Arizona, Plaintiff; and Kenneth Ray Inman, Defendant, Real Parties in Interest.
No. 1 CA-SA 95-0332.
Court of Appeals of Arizona, Division 1, Department D.
January 29, 1996.
*628 Weiss & Sondgeroth, P.C. by Richard Weiss, Bullhead City, for Petitioner.
William J. Ekstrom, Jr., Mohave County Attorney by Matthew J. Smith, Deputy County Attorney, Kingman, for Plaintiff-Real Party in Interest.
Kenneth D. Everett, Mohave County Public Defender, Kingman, for Defendant-Real Party in Interest.
Grant Woods, the Attorney General by Stephen J.P. Kupiszewski, Assistant Attorney General, Kingman, for Intervenor.
OPINION
KLEINSCHMIDT, Judge.
Kenneth Inman, the Real Party in Interest, is the Defendant in a criminal case in which he pled guilty to attempted sexual conduct with a minor. The Defendant, although conceding his guilt, insists that his conduct was not as serious as the State suggests, and he subpoenaed the Victim to testify at a mitigation hearing. The Victim, through her guardian ad litem, seeks review of the trial judge's order requiring her to give videotaped testimony to be used at the *629 mitigation hearing. We accept jurisdiction but deny relief. We hold that the trial court may, in the sound exercise of its discretion, compel a victim to give testimony at a presentence hearing.
The sentence which can be imposed on the Defendant in this case ranges from probation to fifteen years in prison and has been left to the discretion of the trial judge. When the Defendant subpoenaed the Victim, her attorney-guardian ad litem sought to quash the subpoena, arguing that the Victims' Bill of Rights, Ariz. Const. art. II, § 2.1, allowed the Victim to refuse to appear and testify. At the hearing on the motion to quash, defense counsel argued that "exactly what occurred sexually is in dispute." The trial judge agreed that the Victim's testimony would be helpful and relevant. He therefore ordered a videotaped interview/deposition of the Victim and instructed counsel that questions were to be limited to the issue of what happened physically between the Defendant and the Victim. He further ordered that, unless the Victim desired otherwise, the Defendant was to be excluded from the interview. The Victim's attorney then filed this special action, again relying on the alleged protection of the Victims' Bill of Rights.
THE VICTIMS' BILL OF RIGHTS DOES NOT ALLOW A VICTIM TO REFUSE TO TESTIFY AT A PRESENTENCE HEARING
Although a defendant does not have a constitutional right to confront and cross-examine his accusers at the sentencing stage, State v. Ortiz, 131 Ariz. 195, 209, 639 P.2d 1020, 1034 (1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2259, 72 L.Ed.2d 863 (1982), a defendant does have the right to compel the attendance of witnesses in his defense. State v. Ramirez, 178 Ariz. 116, 128, 871 P.2d 237, 249, cert. denied, ___ U.S. ___, 115 S.Ct. 435, 130 L.Ed.2d 347 (1994). This right extends to a defendant's sentencing hearing. Id. The Victim argues, however, that the Victims' Bill of Rights, specifically section 2.1, gives her the right to refuse to appear and testify at a presentence hearing. Section 2.1 provides:
(A) To preserve and protect victims' rights to justice and due process, a victim of crime has a right:
* * * * * *
(5) To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.
Division Two of this court addressed the protection afforded by the Victims' Bill of Rights and, more specifically, section 2.1(A)(5) in State ex rel. Dean v. City of Tucson, 173 Ariz. 515, 844 P.2d 1165 (App. 1992). There, the defendant subpoenaed the victim to testify at a pretrial hearing. The state filed a special action in the superior court seeking to quash the subpoena. The superior court denied relief and the state appealed, arguing that the Victims' Bill of Rights gave the victim the right to refuse to appear and testify at the hearing. Division Two acknowledged that courts are required to follow and apply the plain language of the amendment. See Knapp v. Martone, 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992). However, it found "nothing in the [amendment] which permits an alleged victim to refuse to appear or testify at pretrial hearings." Dean, 173 Ariz. at 516, 844 P.2d at 1166. The court noted that, "[w]hile the [Victims' Bill of Rights] provides certain safeguards to protect the alleged victim's privacy and to minimize the victim's contacts with the defendant, [it] impliedly recognizes that a victim may appear and testify at a proceeding other than a trial." Id. The court reasoned that, because the statute allows a victim to refuse to testify regarding information which could be used to locate the victim, see Ariz. Rev. Stat. Ann. section 13-4434,[1] the legislature understood that a victim might still be called to court proceedings and compelled to testify on other matters. Id. at 516-17, 844 P.2d at 1166-67. The Dean court then focused on section 2.1(A)(5) and concluded that,

*630 [w]hile subsection (5) has been interpreted to preclude trial courts from ordering the deposition of an alleged victim who has indicated an unwillingness to be interviewed by the defendant, it has not been interpreted to permit victims to refuse to testify at court proceedings.
Id. at 517, 844 P.2d at 1167.
Although the holding in Dean deals with pretrial hearings, its reasoning applies to all court proceedings. First, the Victims' Bill of Rights impliedly recognizes that a victim may appear and testify at a proceeding other than trial, e.g., a presentence hearing. Second, the legislature understood that a victim may be called to court proceedings and testify on certain matters. The testimony sought from the Victim in this case is not of the type which could be used to locate her and is not prohibited by the statutes. Finally, section 2.1(A)(5) was not intended to permit victims to refuse to testify in court proceedings, including presentence hearings. Therefore, we hold that a victim does not have a categorical right to refuse to appear and testify at presentence proceedings.
THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN FINDING THE VICTIM'S PROSPECTIVE TESTIMONY RELEVANT
The Victim argues that the Defendant failed to show that the Victim will provide relevant, mitigating evidence and, therefore, she should not be compelled to testify. We disagree. The trial judge has wide discretion to review a variety of sources and types of information in determining the extent of punishment. State v. Ross, 144 Ariz. 154, 157, 696 P.2d 706, 709 (App. 1984). We will not overturn the court's finding of relevancy absent an abuse of discretion. State v. Amaya-Ruiz, 166 Ariz. 152, 167, 800 P.2d 1260, 1275 (1990), cert. denied, 500 U.S. 929, 111 S.Ct. 2044, 114 L.Ed.2d 129 (1991). The purpose of a presentence hearing is to insure that the sentencing judge is fully informed as to the character of the individual to be sentenced and the circumstances of the crime. State v. Ohta, 114 Ariz. 489, 562 P.2d 369 (1977). This is especially true when the sentence to be imposed is completely within the discretion of the trial judge. State v. Fenton, 86 Ariz. 111, 341 P.2d 237, cert. denied, 361 U.S. 877, 80 S.Ct. 142, 4 L.Ed.2d 115 (1959).
The Defendant maintains that the facts surrounding the offense are disputed. If the statement of one witness is accepted, the Defendant may have engaged in forcible intercourse with the Victim. The Defendant concedes only that he and the Victim "loved each other and played around and rubbed each other and that was the extent of it." Nothing in the record before us indicates that the Victim's version of the facts is included in the presentence report. In ruling on the motion to quash, the judge speculated that the Victim's testimony could encompass anything from "forcible rape on a regular basis" to mutual "teas[ing] and rubb[ing] each other on an occasional basis." He concluded that "the victim's testimony would be relevant on the issue of what physically has happened between these two." He further found that the Victim's testimony might establish mitigating circumstances. Since it is possible that the Defendant is telling the truth, this was not an abuse of discretion.
We realize that, by not acquainting the judge with the Victim's version of events, the State and/or the Victim may consciously wish to run the risk that the judge will accept the Defendant's version of what happened. Whether or not to do so would be discretionary with the trial judge, and we believe that the best policy requires the court to be fully informed. Because the Defendant's possible sentence ranges from probation to fifteen years in prison, the complete picture of what physically happened is critically important.
We do not hold that a defendant in every case can compel a victim to testify at a mitigation hearing. When such testimony is clearly relevant and may be important to the sentencing outcome, the trial judge does have discretion to compel such testimony.
The relief sought is denied.
PATTERSON, P.J., and GARBARINO, J., concur.
NOTES
[1] A.R.S. §§ 13-4401 through 13-4439 define crime victims' rights and incorporate the Victims' Bill of Rights.