104 P.3d 873 (2005)
209 Ariz. 503
STATE of Arizona, Appellee,
v.
Isac Paul PENA, Appellant.
No. 1 CA-CR 03-0305.
Court of Appeals of Arizona, Division 1, Department D.
January 27, 2005.
*874 Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Katia Mehu, Assistant Attorney General, Phoenix, Attorneys for Appellee.
Dana P. Hlavac, Mohave County Public Defender By Jill L. Evans, Deputy Public Defender, Kingman, Attorneys for Appellant.

OPINION
LANKFORD, Judge.
¶ 1 Isac Paul Pena appeals from his conviction and sentence for aggravated assault. Defendant raises two issues on appeal. First, he asserts that his conviction for aggravated assault based on serious physical injury was unsupported by the evidence. Second, he argues that resentencing is required because the trial court improperly found aggravating circumstances. We affirm the conviction, vacate the sentence, and remand for resentencing.
¶ 2 Defendant and the victim were auto detailers who argued about which cars each would be assigned to detail. They were each paid by the car rather than hourly. After Defendant disparaged the victim, the victim confronted Defendant. A fight ensued.
¶ 3 Afterward, the victim noticed blood dripping from his face. The victim had a five- to six-inch cut on his face and a cut on *875 his ear that separated the top part of the ear. In addition, he had a laceration to the nasal tip, and his face was swollen. The victim did not notice whether Defendant had a weapon.
¶ 4 The cut to the victim's ear penetrated all layers of skin, and police believed that it was a clean cut that must have been caused by a sharp object. The plastic surgeon who stitched the cuts noted no nerve or muscle damage and testified that the cut was consistent with a razor blade but not a fingernail or thumbnail. The healing process for scars takes eighteen months, during which the appearance of the scar would diminish, but the scar itself would not get smaller. At the time of trial, which occurred four months after the injury, the victim still had a scar on his face.
¶ 5 The victim testified that there were razor blades on the ground near the fight. Police located several razor blades but neither found nor retrieved any with blood. Officer Joel Freed testified, however, that sharp instruments would not always contain blood. Defendant denied using a weapon, and both he and the victim assumed that the cuts were caused by a fingernail.
¶ 6 Defendant moved for a judgment of acquittal, arguing that no evidence showed that he had wielded a razor blade and cut the victim. The court denied the motion and the jury found Defendant guilty of aggravated assault based on serious physical injury or dangerous instrument. The court sentenced him as a dangerous offender to a mitigated, seven-year term in prison. Defendant timely appealed.
¶ 7 On appeal, Defendant first contends that insufficient evidence supported his conviction for aggravated assault based on serious physical injury and that the conviction must be reduced to misdemeanor assault. In reviewing the denial of a motion for judgment of acquittal under Arizona Rule of Criminal Procedure 20, we view the evidence in the light most favorable to sustaining the verdict and reverse only if no substantial evidence supports the conviction. State v. Sullivan, 187 Ariz. 599, 603, 931 P.2d 1109, 1113 (App.1996). "Substantial evidence... is such proof that `reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" State v. DiGiulio, 172 Ariz. 156, 159, 835 P.2d 488, 491 (App.1992) (citation omitted). The substantial evidence required for conviction may be either circumstantial or direct. State v. Blevins, 128 Ariz. 64, 67, 623 P.2d 853, 856 (App.1981); State v. Webster, 170 Ariz. 372, 374, 824 P.2d 768, 770 (App.1991).
¶ 8 The sufficiency of the evidence must be tested against the statutorily required elements of the offense. Under Arizona Revised Statutes ("A.R.S.") section 13-1204(A) (Supp.2004), a person commits aggravated assault by committing assault as defined in A.R.S. § 13-1203 (2001)[1] and either (1) causing serious physical injury to another or (2) using a deadly weapon or dangerous instrument.[2] "Serious physical injury" is "physical injury which creates a reasonable risk of death, or which causes serious and permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb." A.R.S. § 13-105(34) (2001).
¶ 9 The evidence was sufficient to establish serious and permanent disfigurement. The evidence demonstrated that the victim's scar would diminish in appearance but would not disappear completely, creating a "serious and permanent disfigurement" that constitutes "serious physical injury." See State v. *876 Greene, 182 Ariz. 576, 579-80, 898 P.2d 954, 957-58 (1995) (the victim's facial and nose disfigurement was a "serious physical injury").
¶ 10 Defendant also contended for the first time in his reply brief that insufficient evidence supported the verdict based on use of a dangerous instrument. New issues raised in a reply brief are waived. State v. Cohen, 191 Ariz. 471, 957 P.2d 1014 (App.1998). However, sufficient evidence supported a verdict resting on the use of razor blades to commit the assault. A "dangerous instrument" is "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13-105(11). See State v. Gordon, 161 Ariz. 308, 310, 778 P.2d 1204, 1206 (1989) (citing State v. Bustamonte, 122 Ariz. 105, 107, 593 P.2d 659, 661 (1979)) (stating that, when an instrument is not inherently dangerous as a matter of law, "like a gun or knife," the jury can infer whether defendant used it in such a way as to make it a deadly weapon).
¶ 11 Defendant also argues that it would be reversible error to have failed to require the jury to unanimously find the use of a dangerous instrument or serious physical injury[3] if the evidence were insufficient as to either element. We have determined that the evidence sufficiently demonstrated both elements.
¶ 12 Nor is there error based on the failure to require that the jury specifically find these elements. The jury necessarily had to unanimously find every element of aggravated assault beyond a reasonable doubt, as it was instructed to do. State v. Portillo, 182 Ariz. 592, 594, 898 P.2d 970, 972 (1995) (citations omitted); State v. LeBlanc, 186 Ariz. 437, 439, 924 P.2d 441, 443 (1996) (citation omitted) (stating that jury is presumed to follow its instructions). The jury need not, however, have unanimously agreed on the manner in which Defendant committed aggravated assault as long as each juror found that Defendant committed aggravated assault based on either serious physical injury or use of a dangerous instrument. State v. Herrera, 176 Ariz. 9, 16, 859 P.2d 119, 126 (1993) (a defendant is entitled to a unanimous verdict regarding whether an offense has been committed but is not entitled to a unanimous verdict on the precise manner that an offense was committed).
¶ 13 Defendant also argues that we must remand for re-sentencing because the court improperly found the aggravating circumstances of serious physical injury and emotional harm to the victim. He argues that, by statute, an element of the offense cannot be used as an aggravating factor. Whether it is an element of the offense is a question of law that we review de novo. State v. Tschilar, 200 Ariz. 427, 432, ¶ 15, 27 P.3d 331, 336 (App.2001) (citations omitted).
¶ 14 Under A.R.S. § 13-702(C) (Supp.2004), the court can consider the following as aggravating factors when imposing a sentence:
1. Infliction or threatened infliction of serious physical injury, except if this circumstance is an essential element of the offense of conviction or has been utilized to *877 enhance the range of punishment under § 13-604.
2. Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime, except if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-604.
....
9. The physical, emotional and financial harm caused to the victim....
(Emphasis added.) Under the statute, infliction of serious physical injury or use of a dangerous instrument cannot be used as an aggravating factor if they were essential elements of the offense.
¶ 15 The State confesses error, conceding that the court "improperly utilized statutory elements as aggravating circumstances." However, the State argues that consideration of these factors was harmless because Defendant received a mitigated sentence.[4] Error is harmless only if we can be certain that, absent the error, the court would have reached the same result. State v. Hardwick, 183 Ariz. 649, 656-57, 905 P.2d 1384, 1391-92 (App.1995) (citing State v. Ojeda, 159 Ariz. 560, 562, 769 P.2d 1006, 1008 (1989)).
¶ 16 The court stated its reasons for finding both aggravating and mitigating factors as follows:
The Court finds as an aggravating factor in this case the emotional impact of the offense upon the victim although the Court finds this just barely and I am basing this upon the statements made by the victim at trial that he has to get up everyday and look in the mirror and see the scar which is a fairly prominent scar and the testimony from the plastic surgeon would suggest that that scar is going to be there for a while so, the Court is finding that as an aggravating factor although, again, just barely.
I am also finding  and this may be part of the same factor  I am finding that this is a case in which the victim suffered an actual injury. This is a crime that could have been committed if the Defendant exhibited a dangerous instrument in a threatening manner or a gun even which, obviously, wasn't involved in this case.
I think in a case where the victim actually suffers an injury, that is something that separates this type of crime from some of the other ways this crime can be committed.
The court finds as a mitigating factor that the defendant has no prior felony convictions.
In weighing that mitigating factor, I take into consideration the fact that the Defendant's juvenile history includes an assault for which he was adjusted. An adjustment is certainly something far short of adjudication.
I am also considering the fact that he has a misdemeanor disorderly conduct conviction although I am aware that disorderly conduct could constitute lots of types of behavior that would be quite distinct from what resulted in this case.
The Court finds that the mitigating circumstances slightly outweigh the aggravating circumstances and the Court determines that basically weighing what [defendant] did against what other people have done or can do to constitute this offense that he ought to get a little less than the normal sentence.
The court thus considered the injury to the victim as an aggravating factor and then imposed a mitigated, seven-year sentence.
¶ 17 The court also considered the emotional harm to the victim as an aggravating factor. Defendant argues that the record is devoid of any evidence of emotional harm. The State does not respond to this contention and thereby confesses error. See In re U.S. Currency in Amount of $26,980.00, 199 Ariz. 291, 297, ¶ 20, 18 P.3d 85, 91 (App.2000); *878 State v. Greenlee County Justice Court, 157 Ariz. 270, 271, 756 P.2d 939, 940 (App.1988). We have reviewed the record and found no statements by the victim at sentencing and no statements in the presentence report relating to emotional harm. The only reference in the record that might be construed as relevant is the victim's statement at trial in response to a question whether the scar from his injury affects him. The witness replied: "[It] affects me when I wake up in the morning and see it everyday." This testimony represents no more than that the victim received a permanent and visible physical injury. No evidence was presented that the scar or any other aspect of the physical injury or the manner in which the assault was committed produced a separate emotional injury, and there certainly was no evidence of the victim's "distress" as the dissent suggests.
¶ 18 Our dissenting colleague contends that the sentence should be affirmed. That argument is based in part on allegedly improper mitigation by considering the absence of prior felony convictions. The dissent cites no authority for this proposition. No statute and no Arizona cases forbid consideration of the lack of prior felonies in mitigation.
¶ 19 On the contrary, the cases support the notion that punishment may be mitigated based on the absence of prior felonies. Webb clearly states that a sentencing judge may consider the lack of a prior criminal record:
Appellant next claims as error that the trial judge ignored appellant's lack of a criminal history as a mitigating factor. The consideration of mitigating circumstances is solely within the discretion of the court.... A sentencing judge is not required to consider a defendant's lack of a prior criminal record as a mitigating factor. Rather it is only one of the many traditional mitigating circumstances a judge may consider in determining punishment under the "catch-all" provision of § 13-702(E)(5).
State v. Webb, 164 Ariz. 348, 355, 793 P.2d 105, 112 (App.1990) (citations omitted; emphasis added). Webb thus holds that it was not error to decline to mitigate on this basis, but states that the judge could have considered this as a mitigating factor, and cites State v. Thurlow, 148 Ariz. 16, 712 P.2d 929 (1986), for that proposition.
¶ 20 Thurlow even more strongly undercuts the dissent's position, because it expressly rejects that view:
The state argues that the lack of a prior record may not be considered in mitigation as it is built into the formulation of a presumptive sentence. Specifically, it claims that if the lack of a prior record may be considered by the trial court, all first offenders would begin with one mitigating circumstance. We agree with the state that the presumptive sentence is to be imposed on the vast majority of first offenders who commit a particular crime. However, the decision to deviate from the presumptive sentence by finding a mitigating circumstance is solely within the discretion of the court.... Furthermore, if a sentencing judge, in his discretion, believes that the lack of a prior record should constitute a mitigating circumstance in a particular case, he may properly state this on the record under the "catch all" provision of § 13-702(E)(5). We are not stating that a sentencing judge must consider the lack of a prior record. Rather, it is only one of the many traditional circumstances a court may consider in determining punishment. In this manner, a trial court can more easily tailor a defendant's sentence to his individual character and circumstances.
148 Ariz. at 19, 712 P.2d at 932 (citations omitted; emphasis added). State v. Thurlow reversed a court of appeals opinion stating that the lack of a prior criminal record could not be considered in mitigation, and thus no doubt exists that this is a proper mitigating circumstance. See id.
¶ 21 Our supreme court has also rejected the dissent's implicit, related proposition that the presence of non-felony convictions render the absence of felonies not mitigating. State v. Spears, 184 Ariz. 277, 908 P.2d 1062 (1996). Spears was a case involving an A.R.S. § 13-703 (Supp.2004) (death or life imprisonment) sentence, but that statute adopts all of the aggravating and mitigating factors of § 13-702 and the case therefore applies. See A.R.S. § 13-703(E), (F) and (G) (adopting § 702 factors). The supreme court said:

*879 Defendant has one misdemeanor conviction for possession of a prohibited weapon, no felony convictions, and an unresolved arrest for shoplifting. Therefore, we agree with the trial judge's finding that defendant's lack of a significant prior criminal history was a mitigating factor.
184 Ariz. at 293, 908 P.2d at 1078. Defendant's criminal history also was not significant: a disorderly conduct conviction plus a single juvenile incident. Accordingly, we are unconvinced that the sentence previously imposed in error can somehow be sustained because the superior court was improperly lenient by relying on Defendant's lack of prior felony convictions.
¶ 22 The superior court imposed a mitigated sentence, but that does not necessarily mean that the consideration of improper aggravating factors was harmless error. The sentence imposed is one selected from a range of punishments, from the minimum to maximum, based on a balancing of aggravating and mitigating factors of various weight. "For approximately a quarter century, Arizona's statutory sentencing scheme has prescribed sentencing ranges for different classes of offenses, with multiple factors determining the range that applies." State v. Brown, 205 Ariz. 325, 332-33, ¶ 25, 70 P.3d 454, 461-62 (App.2003), vacated on other grounds, State v. Brown, 209 Ariz. 200, 203, ¶ 16, 99 P.3d 15, 18 (2004). After weighing and balancing aggravating and mitigating factors, the sentencing judge may "impose a just sentence anywhere within the range authorized by statute." State v. Henderson, 133 Ariz. 259, 263, 650 P.2d 1241, 1245 (App.1982), overruled on other grounds by State v. Pena, 140 Ariz. 544, 683 P.2d 743 (1984). Arizona Revised Statutes § 13-702(A), for example, provides that sentences "may be increased or reduced ... within the ranges set by this subsection. Any reduction or increase shall be based on the aggravating and mitigating circumstances." Thus, a mitigated sentence can fall anywhere between the prescribed minimum and presumptive punishments.
¶ 23 The reversal of a single aggravating factor may mean that "the sentencing calculus ... has changed." State v. Lehr, 205 Ariz. 107, 109, ¶ 8, 67 P.3d 703, 705 (2003). The exercise of sentencing discretion is the trial judge's, not ours. See A.H. by Weiss v. Superior Court, 184 Ariz. 627, 630, 911 P.2d 633, 636 (App.1996) ("[T]he sentence to be imposed is completely within the discretion of the trial judge.").
¶ 24 Unless we can be certain that "the same result," i.e., the same sentence, would have been imposed despite sentencing errors, we cannot say that the error was harmless. Hardwick, 183 Ariz. at 657, 905 P.2d at 1392. When it is "unclear whether the judge would have imposed the same sentences absent the inappropriate factor, the case must be remanded for resentencing." State v. Alvarez, 205 Ariz. 110, 116, ¶ 19, 67 P.3d 706, 712 (App.2003).
¶ 25 We cannot determine with certainty that the sentencing judge would have imposed a sentence mitigated to the same degree if the improperly considered aggravating circumstances were subtracted from the balance. The minimum sentence for this offense was five years; Defendant received a partially mitigated sentence of seven years. The sentencing judge might have imposed a lesser sentence in the face of a sole mitigating circumstance and no aggravating circumstances. This discretion is for the superior court to exercise on remand for resentencing.
¶ 26 For the foregoing reasons, we affirm Defendant's conviction and remand for resentencing.
CONCURRING: SUSAN A. EHRLICH, Judge.
THOMPSON, Presiding Judge, dissenting.
¶ 27 Section 13-702(C) precludes using the serious physical injury caused to the victim as an aggravating factor where it is an "essential element of the offense of conviction." The seriousness of the victim's injuries is not an "essential element" of aggravated assault, which can be committed by the use of a deadly weapon or dangerous instrument, a circumstance which the sentencing judge specifically noted. Section 13-702(C) also precludes the use of serious physical injury as an aggravator where it has enhanced punishment under A.R.S. § 13-604. However, *880 as the aggravated assault conviction and finding of dangerousness in this case are supported by defendant's use of a razor to cut the victim, the severity of the victim's injuries was not precluded from consideration as an aggravating factor.
¶ 28 The victim related his daily distress at looking in the mirror at the facial scar inflicted on him by the defendant, and this testimony supports the trial court's finding of emotional harm.
¶ 29 Thus, the trial court's findings in aggravation were not erroneous.
¶ 30 Further, the purported mitigation in this case is not supported. The defendant does not lack a criminal history. No Arizona case holds that a non-capital sentence is properly mitigated by the fact that a defendant's prior record consists only of misdemeanor and juvenile incidents. In State v. Webb, 164 Ariz. at 355, 793 P.2d at 112, a non-capital murder case, we held that a trial court may ignore a defendant's lack of criminal history and impose an aggravated sentence. In State v. Thurlow, 148 Ariz. at 19, 20, 712 P.2d at 932, 933, our supreme court found that imposition of presumptive sentences for aggravated assault and drug offenses was within the sentencing judge's discretion notwithstanding Thurlow's lack of any prior criminal record, noting: "We agree with the state that the presumptive sentence is to be imposed on the vast majority of first offenders...." In both Webb and Thurlow it was noted that a trial judge may but need not consider the absence of prior criminality in mitigation. Neither case supports the majority's notion that a record of prior offenses can be mitigating. And the majority's invocation of State v. Spears, a capital murder case, is clearly inapposite. While in non-capital cases the sentencing judge may consider, or may ignore, a lack of prior criminality, Arizona's law with regard to death sentencing requires that a lack of prior felony convictions be considered as a non-statutory mitigating factor. See, e.g., State v. White, 168 Ariz. 500, 512, 815 P.2d 869, 881 (1991) (in capital murder sentencing, lack of prior felony record is a mitigating factor and sentencing judge must consider it). And while the court in Spears appropriately described the murderer's prior misdemeanor and arrest record as not "significant" in the context of a determination whether Spears would be put to death, in this case, the question is whether the defendant's assault sentence, already reduced, should be further minimized in the face of his ongoing criminality. Defendant had a previous assault incident adjusted in juvenile court, and was previously convicted of an offense against public order. These are not mitigating circumstances. The defendant here got all the leniency in sentencing he could properly get, and more.
¶ 31 Accordingly, I dissent.
NOTES
[1] A.R.S. § 13-1203(A) provides:

A person commits assault by:
1. Intentionally, knowingly or recklessly causing any physical injury to another person; or
2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or
3. Knowingly touching another person with the intent to injure, insult or provoke such person.
[2] Although the State charged Defendant generally under A.R.S. § 13-1204, the indictment indicated a class 3 felony, which meant that the State intended to prosecute for aggravated assault under either A.R.S. § 13-1204(A)(1) or (2). See A.R.S. § 13-1204(B) (stating that only aggravated assault under A.R.S. § 13-1304(A)(1) or (2) is a class 3 felony); Ariz. R.Crim. P. 13.2(a) (stating that an indictment "shall be a plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged").
[3] The court instructed the jury as follows:

In order to determine that the Defendant committed Aggravated Assault (serious physical injury or dangerous instrument), it is not necessary that all eight of you agree on the particular manner in which the crime was committed. However, it is necessary that each of you determine that the Defendant committed Aggravated Assault (serious physical injury or dangerous instrument) in at least one of the possible ways.
The court further instructed the jury regarding the "possible ways" that Defendant could have committed aggravated assault as follows:
The crime of Aggravated Assault (serious physical injury or dangerous instrument) has two elements. In order to determine that the Defendant committed the crime of Aggravated Assault (serious physical injury or dangerous instrument), you must find that: Number one, the Defendant committed an assault by either: "A" intentionally placing another person in reasonable apprehension of imminent physical injury; or "B" intentionally, knowingly or recklessly causing a physical injury to another; or "C" knowingly touching another person with the intent to injure, insult or provoke such person; and, number two, the assault was aggravated because the Defendant either: "A" caused a serious physical injury or "B" used a dangerous instrument.
[4] We have considered the potential impact of Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), on the propriety of Defendant's sentence. Blakely holds that a sentence beyond the presumptive violates the constitution if the aggravated sentence was not authorized by the jury verdict. Because Defendant received a mitigated sentence, Blakely is not implicated here.