NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

KAREN DAGENAIS, *Appellant.*

No. 1 CA-CR 14-0204
FILED 3-5-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-002710-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**REMANDED FOR RESENTENCING**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

**K E S S L E R**, Judge:

**¶1**        Karen Dagenais appeals from her convictions and resulting sentences.  She challenges only the sentences imposed, arguing the trial court erroneously considered her lack of remorse as an aggravating factor.  For the following reasons, we remand for resentencing.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        Dagenais was indicted for one count of attempted fraudulent schemes and artifices, a class 3 felony, one count of computer tampering, a class 5 felony, one count of forgery, a class 4 felony, and five counts of theft by extortion, class 4 felonies.  A jury found her guilty of all eight counts.

**¶3**        At sentencing, the trial court ultimately found the mitigating factors outweighed the aggravating factors, and sentenced Dagenais to less than the presumptive:

> In this matter, the Court finds that as to Count 1 probation is appropriate; that the defendant can benefit from the services available on probation.
>
> As to Counts 2 through 8 that a prison term is appropriate. . . . There are multiple crimes committed.  And when I weigh aggravating and mitigating circumstances as to the imposition of prison, the Court finds that mitigating circumstances include the fact that the defendant has a clean criminal history.  This is her first -- these are her first felony convictions; that she has a very, very minimum contact with the law in the past.  The Court also considers as a mitigating factor that the defendant has, through her presentation at the trial and through what I have seen in her presentence report, that the defendant presents with a need for therapy for emotional and other mental health problems; that those needs are a mitigating factor even though the Court does not believe that they excuse her behavior or are a reason for the Court not

to find that she had the intent necessary for all these crimes. I do believe she had the intent.

Finally, as to mitigation, the defendant has community support, as demonstrated in the letters she has submitted.

Against those mitigating factors, the Court [weighs] the aggravating factors of the emotional harm to the victim as testified to in court; that these were committed for pecuniary gain. And also when I reviewed the defendant's statements in the presentence report and her testimony at trial, there is a lack of remorse for the defendant.

In weighing the factors, the Court finds that the mitigating factors outweigh the aggravating factors and call for a prison sentence of less than the presumptive.

Dagenais was placed on two years' supervised probation for her conviction of attempted fraudulent schemes and artifices, and was sentenced to .75 years' imprisonment for computer tampering and 1.5 years' imprisonment for forgery and each count of theft by extortion. The prison terms were ordered to be served concurrently.

¶4 Dagenais timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033(A)(1) (2010).

## ISSUE AND STANDARD OF REVIEW

¶5 Dagenais argues that the trial court erred in considering her lack of remorse as an aggravating factor. "A trial court has broad discretion to determine the appropriate penalty to impose upon conviction, and we will not disturb a sentence that is within statutory limits . . . unless it clearly appears that the court abused its discretion." *State v. Cazares*, 205 Ariz. 425, 427, ¶ 6, 72 P.3d 355, 357 (App. 2003). "We will find an abuse of discretion only if the court acted arbitrarily or capriciously or failed to adequately investigate the facts relevant to sentencing." *Id.*

¶6 The State argues that because Dagenais failed to object below, she has waived her objection absent a showing of fundamental error and prejudice. *See State v. Trujillo*, 227 Ariz. 314, 317, ¶ 9, 257 P.3d 1194, 1197 (App. 2011) (reviewing the trial court's consideration of lack of remorse for fundamental error because the appellant failed to raise the issue below);

*State v. Avila*, 217 Ariz. 97, 100, ¶ 12, 170 P.3d 706, 709 (App. 2007) ("[T]he burden of persuasion borne by a defendant in fundamental error review does not permit him to remain silent at trial and reserve the 'hole card' of a later appeal on a matter that was curable at trial, and then seek appellate reversal."). "An objection is sufficiently made if it provides the judge with an opportunity to provide a remedy." *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 64, 975 P.2d 75, 93 (1999). Here, at the end of sentencing, the prosecutor raised the issue with the court:

> The only thing I want to say, Judge, is in the mitigating and aggravating factors that you noted lack of remorse as an aggravating factor, there could be some legal issues with that[.]

As a result, the court was given the chance to address the issue and provide relief. The court responded, stating that it believed remorse could be considered:

> I understand what you are saying, but I don't think there are. And once the defendant has presented mitigating factors, then I think remorse can be considered, and especially since in my weighing I find that it's more -- weighs more towards mitigation than aggravation. But frankly, after hearing all of the evidence at trial and seeing what she said to the presentence writer,[1] there isn't remorse, and I wanted that noted on the record.

Based on this record, because the trial court addressed the issue before Dagenais had a chance to join in the objection, "it would have been futile to make the same objection that had just been rejected." *People v. Gamache*, 227 P.3d 342, 370 (Cal. 2010). Accordingly, we review the issue for an abuse of discretion rather than for fundamental error.

## DISCUSSION

¶7        The privilege against self-incrimination is guaranteed by Article 2, Section 10, of the Arizona Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. *Flagler v. Derickson*, 134 Ariz. 229, 231, 655 P.2d 349, 351 (1982); *see also* U.S. Const.

---

[1] The presentence investigation report provides that Dagenais "stated she is innocent and plans on appealing her conviction. She would like no further action to be taken; however, she is willing to comply with probation if necessary."

amend. V ("No person shall . . . be compelled in any criminal case to be a witness against himself . . . ."); Ariz. Const. art. 2, § 10 ("No person shall be compelled in any criminal case to give evidence against himself . . . ."). "A defendant is guilty when convicted and if he chooses not to publicly admit his guilt, that is irrelevant to a sentencing determination." *State v. Carriger*, 143 Ariz. 142, 162, 692 P.2d 991, 1011 (1984). In contrast, "[i]f a defendant admits his guilt, this can be used as additional mitigating evidence, provided the defendant is truly remorseful for his crime." *Id.*; *see also State v. Hardwick*, 183 Ariz. 649, 656, 905 P.2d 1384, 1391 (App. 1995) ("Remorse can be a *mitigating* factor with the defendant having the burden of proof by a preponderance of the evidence."). However, "[a]s contrition or remorse necessarily imply guilt, it would be irrational or disingenuous to expect or require one who maintains his innocence to express contrition or remorse." *Hardwick*, 183 Ariz. at 656, 905 P.2d at 1391. As a result, a trial court's use of a defendant's decision not to admit guilt to aggravate a sentence "offends the Fifth Amendment privilege against self-incrimination." *Id.*; *see also Trujillo*, 227 Ariz. at 318, ¶ 15, 257 P.3d at 1198 ("[W]e conclude that in considering [the defendant's] lack of remorse and his failure to admit guilt, the trial court deprived him of a right essential to his defense."); *State v. Tinajero*, 188 Ariz. 350, 357, 935 P.2d 928, 935 (App. 1997) (remanding because trial court considered lack of remorse as aggravator), *disapproved of on other grounds by State v. Powers*, 200 Ariz. 363, 364, ¶ 10, 26 P.3d 1134, 1135 (2001). Based on the guidance provided by *Hardwick*, *Tinajero*, and *Trujillo*, we conclude that the trial court erred in considering Dagenais' lack of remorse as an aggravating factor.

¶8          The State argues that although a court generally may not consider a defendant's lack of remorse as an aggravating factor, Dagenais waived her Fifth Amendment privilege when she testified at trial. The State relies on several cases to support its assertion, but we find those cases distinguishable because they address a defendant's truthfulness rather than an absence of remorse. *See U.S. v. Dunnigan*, 507 U.S. 87, 97 (1993) ("It is rational for a sentencing authority to conclude that a defendant who commits a crime and then perjures herself in an unlawful attempt to avoid responsibility is more threatening to society and less deserving of leniency than a defendant who does not so defy the trial process."), *abrogated on other grounds by U.S. v. Wells*, 519 U.S. 482 (1997); *U.S. v. Grayson*, 438 U.S. 41, 50 (1978) ("A defendant's truthfulness or mendacity while testifying on his own behalf, almost without exception, has been deemed probative of his attitudes toward society and prospects for rehabilitation and hence relevant to sentencing."), *superseded by statute as stated in Barber v. Thomas*, 560 U.S. 474 (2010); *State v. McDonald*, 156 Ariz. 260, 263-64, 751 P.2d 576, 579-80 (App. 1987) (finding it permissible to aggravate a sentence based on

perjurious testimony); *State v. Sungia*, 145 Ariz. 389, 395, 701 P.2d 1197 (App. 1985) ("The trial court . . . may consider all evidence and information presented at all stages of the trial, together with all probation and presentence reports, or factors like the general moral character of the defendant." (internal citations omitted)). Here, during the sentencing hearing, the trial court specifically referred to Dagenais' "lack of remorse" and not the truthfulness of her testimony. *See supra* ¶ 6.

¶9 The State further argues the sentence should be affirmed because the trial court did not, in fact, aggravate Dagenais' sentence. However, as we noted in *State v. Pena*, even if the court had imposed a mitigated sentence, "that does not necessarily mean that the consideration of [an] improper aggravating factor[] was harmless error." 209 Ariz. 503, 509, ¶ 22, 104 P.3d 873, 879 (App. 2005). "For approximately a quarter of a century, Arizona's statutory scheme has prescribed sentencing ranges for different classes of offenses, with multiple factors determining the range that applies." *State v. Brown*, 205 Ariz. 325, 332-33, ¶ 25, 70 P.3d 454, 461-62 (App. 2003), *vacated on other grounds*, 209 Ariz. 200, 203, ¶ 13, 99 P.3d 15, 18 (2004). The sentence imposed by the trial judge is selected "from a range of punishments . . . based on a balancing of various aggravating and mitigating factors of various weight." *Pena*, 209 Ariz. at 509, ¶ 22, 104 P.3d at 879. "The reversal of a single aggravating factor may mean that 'the sentencing calculus . . . has changed.'" *Id*. at ¶ 23 (quoting *State v. Lehr*, 205 Ariz. 107, 109, ¶ 8, 67 P.3d 703, 705 (2003)). Unless it is clear that the same sentence would have been imposed regardless of the sentencing error, we cannot find that the error was harmless. *Id*. at ¶ 24. Because we cannot say with certainty that the sentencing judge would have mitigated the sentence to the same degree absent consideration of the improperly aggravated factor, the case must be remanded for resentencing. *See id*. at ¶¶ 24-25. "Our conclusion does not preclude the reimposition of [the same] sentences if the trial judge, in conscientiously balancing the factors [she] may properly consider, concludes that such sentences are indicated." *State v. Kerekes*, 138 Ariz. 235, 238, 673 P.2d 979, 982 (App. 1983); *see also State v. Munninger*, 213 Ariz. 393, 400, ¶ 30, 142 P.3d 701, 708 (2006) (Lankford, J., dissenting in part) ("We should instead remand to allow the trial court to impose the sentence that it determines to be justified by the properly considered sentencing facts. If that sentence differs, we have done justice to the defendant and upheld the trial court's discretion. If the sentence remains the same, we

have done no more mischief than require that the sentencing judge think twice about the severity of punishment.").[2]

**CONCLUSION**

**¶10**      For the foregoing reasons, we remand for resentencing.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[2] Relying on *State v. Ruggiero*, 211 Ariz. 262, 269 n.6, ¶ 29, 120 P.3d 690, 697 n.6 (App. 2005), the State also argues that Dagenais failed to show any resulting prejudice.   In *Ruggiero*, although the trial court erred in considering lack of remorse as an aggravating factor, the court found the defendant did not establish prejudice in light of the trial court's consideration of additional proper aggravating factors.  211 Ariz. at 269 n.6, ¶ 29, 120 P.3d at 697 n.6.  We find *Ruggiero* to be distinguishable because the defendant failed to object below and the claim was reviewed for fundamental error.  *Id*.  Additionally, *Ruggiero* reached that conclusion relying only upon *State v. Henderson*, 210 Ariz. 561, 569, ¶ 28, 115 P.3d 601, 609 (2005).  211 Ariz. at 268, ¶ 28, 120 P.3d at 696.  In *Henderson*, the court explained that for purposes of fundamental error review, if a judge relies upon aggravating factors that only a jury could have found, then the defendant must show that a jury could have reached a different conclusion as to any or all aggravators than the judge.  210 Ariz. at 569, ¶ 28, 115 P.3d at 609.  The defendant's sentence can only be affirmed if there are remaining aggravators appropriately found by the judge, or if it is shown that a jury could not have come to a different conclusion regarding the existence of the aggravators.  *Id.*  Here, as explained above, we are not dealing with fundamental error analysis nor an analysis to determine if a reasonable jury could have found an aggravator.  Rather, unless it is clear that the same sentence would have been imposed regardless of the sentencing error, we cannot find that the error was harmless. *See supra* ¶ 9.