NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WANSFORD EUGENE FRAZER, *Appellant.*

No. 1 CA-CR 18-0489
FILED 7-30-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-131980-001
The Honorable Lauren R. Guyton, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Lawrence F. Winthrop joined.

**M c M U R D I E**, Judge:

¶1 Wansford Eugene Frazer appeals his conviction and sentence for robbery. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2 On July 4, 2016, the robbery victim was riding his bicycle near 83rd Avenue and Cactus Road in Peoria. During his trip, he noticed a person standing in the bushes by the sidewalk. As the victim rode closer, he saw Frazer come out and move towards him. As Frazer approached, he knocked the victim from the bicycle and punched him in the jaw, splitting his lip. Frazer then grabbed the bike and rode away. The victim called 911.

¶3 Peoria Police Department Officer James Hunter responded to the 911 call a few minutes later. The victim provided the officer with the details of the robbery, giving the officer descriptions of the suspect and the bicycle.

¶4 The following day, two Peoria police officers, Aaron Brewer and David Ayres, were conducting patrol in the area where the robbery occurred. The officers had details of the robbery from an earlier briefing. Officer Brewer saw a person riding a bicycle who matched the description of the suspect. However, the person disappeared before the officer could make contact.

¶5 The officers later responded to a call approximately half of a mile from the robbery location. When they arrived, the officers found Frazer being taken into custody for his involvement in another

---

[1] We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Frazer. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

investigation. Officer Brewer recognized Frazer as the person he had seen earlier riding the bicycle.

¶6          Because Frazer's appearance matched the physical description given by the robbery victim, Officers Hunter and Ayres photographed Frazer and created a photographic lineup. The officers presented the photographic lineup to the victim, who identified Frazer as the person who had robbed him. Based on the identification, the officers obtained a search warrant for Frazer's home. In the search, the officers found the victim's bicycle.

¶7          The officers further obtained a search warrant for Frazer's cell phone. The officers recovered text messages from the phone referencing the robbery. The text messages included the following:

9:54 p.m.:          "I just socked a white boy for hitting me cursing up behind me. He gave me his bike, pops. Really. Why don't you come get me? You better not call the cops,";

10:19 p.m.:          "Baby, baby, I'm at home. I went to get some of smokes and this white boy crept up behind me on a cruiser. He hit my leg so I socked him twice and took his shit, baby. Love you. Wish your man well, miss you. That's all I got to say. I have to work on my music. Real talk."; and,

10:19 p.m.:          "Ah Bro, I just socked this white boy in his jaw. . . . Took his shit too."

¶8          A grand jury charged Frazer with one count of robbery, a class 4 felony. After a three-day trial, the jury found Frazer guilty as charged. The superior court sentenced Frazer to a term of 10 years' imprisonment. Frazer timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### A.     The Superior Court Did Not Err by Denying Frazer's Motion for Judgment of Acquittal.

¶9          Following the conclusion of the state's presentation of evidence, Frazer moved for a judgment of acquittal according to Arizona Rule of Criminal Procedure ("Rule") 20. The superior court found the State

had provided substantial evidence to warrant a conviction and denied the motion. Frazer contends the superior court erroneously denied his motion for judgment of acquittal because the State failed to present enough evidence.

¶10        We review *de novo* a superior court's ruling on a Rule 20 motion. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16 (quotation omitted). In reviewing the sufficiency of the evidence, we test the evidence "against the statutorily required elements of the offense," *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005), and we neither reweigh conflicting evidence nor reassess the credibility of witnesses, *see State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013). Sufficient evidence upon which a reasonable jury can convict may be direct or circumstantial. *West*, 226 Ariz. at 562, ¶ 16; *Pena*, 209 Ariz. at 505, ¶ 7.

¶11        A judgment of acquittal is appropriate only when "there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a)(1); *see State v. Mathers*, 165 Ariz. 64, 66 (1990). Substantial evidence means proof that a reasonable person "could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Rivera*, 226 Ariz. 325, 327, ¶ 3 (App. 2011) (quoting *State v. Spears*, 184 Ariz. 277, 290 (1996)).

¶12        Under A.R.S. § 13-1902(A):

A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

Use of force distinguishes robbery from theft. *State v. Rutledge*, 197 Ariz. 389, 393, ¶ 18 (App. 2000). "Although we stated in *Lopez*, '[w]hen the use of force and the taking of property are not contemporaneous, there may be a theft, but there is not a robbery,' we did not intend to suggest that when a person uses force with the intent to take another's property he has not committed robbery." *State v. Comer*, 165 Ariz. 413, 420 (1990) (alteration in original) (quoting *State v. Lopez*, 158 Ariz. 258, 264 (1988)).

¶13        Frazer argues that the evidence failed to show that he intended to steal the bicycle contemporaneously with his use of force when

he knocked the victim from the bike and punched him in the jaw. Frazer contends that because the purpose of his use of force did not involve the taking of the property of another, he may be guilty of theft or assault, but not guilty of robbery.

¶14        Frazer's argument is unpersuasive. The evidence shows that Frazer: (1) approached the victim suddenly, directly, and from a hidden position; (2) knocked the victim from the bicycle as soon as he was near enough to do so; and then (3) punched the victim and grabbed the bike immediately and fled. These facts demonstrate enough evidence that a jury could reasonably find him guilty of robbery.

**B.        The Superior Court Did Not Abuse Its Discretion by Denying Frazer's Motions for Mistrial.**

¶15        Frazer argues that the superior court erred by denying his motions for mistrial. Specifically, Frazer cites two instances in Officer Hunter's testimony that he contends deprived him of a fair trial.

¶16        The first instance arose from the following statement on direct examination:

> [The State:]        What do you mean by time sensitivity?
>
> [Officer Hunter:]        We already had Mr. Frazer in custody and we believed he was a very good lead because of how well he matched the description and the area where we found him. So we wanted to quickly see if he was going to be a person or the suspect from the robbery the night before . . . he went down to get booked for other unrelated things.

Frazer objected and moved for a mistrial claiming the statement "booked for other unrelated things" called to the juror's attention inadmissible other acts in violation of Arizona Rule of Evidence 404(b). Frazer argued that while the officer could refer to an "unrelated incident," the statement that Frazer would be "booked" made it clear to the jury Frazer had been arrested for another crime.

¶17        The State asked the court to deny the motion for mistrial and to instruct the jurors to disregard the comment and strike it from the record. The court ruled:

> I don't believe at this time it rises to a mistrial. But I will instruct the jurors if you want me to. If I instruct them, I'm afraid it might call more attention to it.

Frazer concurred with the court's statement that instructing the jury could draw more attention to it. Frazer then stated that if the court denied the motion for mistrial, he sought no remedy.

¶18          Frazer's second motion for a mistrial came after Officer Hunter's response to a juror question. The exchange follows:

> [The Court:]          Officer, the question is: When you came in contact with the defendant on July 5th, was he walking, riding a bike or in a car?
>
> [Officer Hunter:]    To answer your question, sir, the defendant was walking. He had actually just been seen coming over a backyard residential wall and was crossing Cactus Street. And I saw him approaching --

Frazer objected to Officer Hunter's response and again moved for a mistrial or, if the court would not grant that remedy, to strike the relevant testimony. The superior court opted to strike the testimony and instructed the jury:

> Okay. And so I will ask the jurors to disregard any of the other information beyond the walking when the officer came upon him. And I'll ask that that testimony be stricken from the record.

¶19          We review the denial of a motion for mistrial for an abuse of discretion. *State v. Jones*, 197 Ariz. 290, 304, ¶ 32 (2000). In deciding whether a remedy less severe than a mistrial will cure an error from witness testimony, the superior court "is in the best position to determine whether the [prejudicial] evidence will actually affect the outcome of the trial." *Id*. When unduly prejudicial evidence has been presented, the superior court "must decide whether the remarks call attention to information that the jurors would not be justified in considering for their verdict, and whether the jurors in a particular case were influenced by the remarks." *Id*. Because "declaration of a mistrial is the most dramatic remedy for trial error," it should be granted "only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Adamson*, 136 Ariz. 250, 262 (1983).

¶20        Officer Hunter's statement that Frazer would be "booked for other unrelated things" appears to involve inadmissible "other act" evidence. *See* Ariz. R. Evid. 401–403, 404(b). Assuming the statement was improper, we review the context in which it occurred, and the remedy sought.

¶21        The officers located, contacted, and identified Frazer because of their involvement in a separate, unrelated investigation. The State discussed the unrelated incident in its opening statement without objection. All three officers then testified regarding the details of how each contacted Frazer on July 5, 2016, as part of the unrelated investigation. Frazer acknowledged in the bench conference that he had no objection to calling it an "unrelated incident," and he had previously referred to the unrelated investigation in cross-examination.

¶22        Officer Hunter's further statement that Frazer would be "booked" therefore did not provide new or significantly different information, and its unrelated nature had already been made clear to the jury. The single addition of the word "booked" to the existing testimony would not substantially influence the jury's perception of the evidence, and the superior court did not abuse its discretion by denying the mistrial motion.

¶23        The subsequent statement leading to Frazer's second motion for mistrial gave only a vague, undefined description of Frazer's activity. The officer stated Frazer "had just been seen . . . coming over a backyard residential wall." This statement, without more, does not expressly reference an illicit act, and the answer generally appears responsive to the juror question. Neither party objected to the juror question. As an initial matter, we are not certain this statement contained irrelevant or unfairly prejudicial evidence.

¶24        Nevertheless, the superior court sustained Frazer's objection to the statement. In determining the proper remedy, the superior court instructed the jury to disregard the testimony and struck it from the record. Subsequently, in the final jury instructions, the superior court told the jury, "[i]f the court sustained an objection to a lawyer's question, you must disregard it and any answer given. Any testimony stricken from the court record must not be considered." We presume jurors follow their instructions. *State v. Dann*, 205 Ariz. 557, 570, ¶ 46 (2003). Considering the statement, the superior court did not abuse its discretion when it denied the second motion for mistrial.

¶25 Finally, given the significant evidence establishing each element of robbery, any presumed error from the challenged two instances is rendered harmless beyond a reasonable doubt. *See State v. Bible*, 175 Ariz. 549, 588 (1993) ("Error, be it constitutional or otherwise, is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict."). As discussed above, the robbery evidence was substantial, and we do not view the officer's two separate statements here as affecting or contributing to the verdict.

**CONCLUSION**

¶26 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA