NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DAMON JOSEPH CALANDRA, *Appellant.*

No. 1 CA-CR 21-0449
FILED 3-29-2022

---

Appeal from the Superior Court in Yavapai County
No. V1300CR201980473
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

**¶1**         Damon Calandra appeals his conviction for aggravated assault, asserting there was insufficient evidence to support the jury's verdict. Because substantial evidence supports the conviction, we affirm.

**¶2**         Calandra and his girlfriend, A.M., lived together in her fifth wheel trailer for several months.[1] Late one evening in 2019, after arguing for several hours A.M. asked Calandra to move out. He did not want to leave, however, so he called the sheriff's office to inquire whether moving out was legally required. A deputy said that Calandra "needed to have 30 days to move out." After the call, A.M. texted her boss that she was annoyed with the situation, and that she wanted to go to sleep but Calandra, who had been drinking alcohol, was making too much noise within their small living space. A.M.'s boss responded that she would send her son and other co-workers to help.

**¶3**         A.M. told Calandra people were coming, and they would be armed and angry. Calandra then pulled out his "chef knives" and began waiving a knife around and slicing the bed sheets near A.M. with the knife. A.M. texted her boss that she was scared because Calandra might attack her, so she asked her boss to call the police. She also texted another co-worker that she was afraid. A.M. sent her boss audio and video recordings that showed her telling Calandra he made her afraid and it was scary when he was drinking.

**¶4**         A.M.'s boss called law enforcement, "stating that [Calandra] was slashing sheets, breaking glass and being disorderly and verbally abusive." When a sheriff's deputy arrived, he saw Calandra smoking with one hand and holding something in the other hand. After the deputy called out to him, Calandra dropped a knife and walked away. The deputy then spoke with A.M., who told him she was scared when Calandra was

---

[1]         We view the facts in the light most favorable to sustaining the jury's verdict. *State v. Felix*, 237 Ariz. 280, 289, ¶ 30 (App. 2015).

standing over her with a knife, and she showed the deputy the audio and video clips she had sent to her boss. The deputy later testified that A.M. was shaking and appeared scared while he spoke with her.

¶5        Calandra was charged with aggravated assault, disorderly conduct, and criminal damage. At trial, A.M. offered a different account from what she had previously described. She admitted that she told her boss and the deputy that she was afraid Calandra would attack her if she called the police. But she disputed how close she was sitting to the area where Calandra was slashing the bed sheets, and testified she was not afraid for her own safety, but rather for the safety of others.

¶6        As relevant here, the jury convicted Calandra of aggravated assault, a class 3 dangerous felony and a domestic violence offense.[2] The superior court sentenced him to a presumptive term of 7.5 years in prison. Calandra timely appealed, and we have jurisdiction under A.R.S. § 12–120.21(A)(1).

¶7        We review de novo whether sufficient evidence supports a jury's verdict. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We look to "whether the record contains substantial evidence to warrant a conviction." *Id*. at ¶ 14 (citation and quotation omitted). Substantial evidence is that which "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Id*. at ¶ 16 (citation and quotation omitted). The evidence "may be either circumstantial or direct." *State v. Pena*, 209 Ariz. 503, 505, ¶ 7 (App. 2005).

¶8        The State had the burden to prove beyond a reasonable doubt that Calandra intentionally placed A.M. "in reasonable apprehension of imminent physical injury" while using "a deadly weapon or dangerous instrument." A.R.S. §§ 13-1203(A)(2), -1204(A)(2).

¶9        Calandra argues that because A.M. testified that she was not afraid of him while he had the knife and that she did not believe he wanted to scare her, the State did not prove she was in reasonable apprehension of imminent physical injury of the knife. Along with A.M.'s testimony, the

---

[2]        At trial, the superior court granted the State's motion to dismiss the criminal damage charge. Although the jury also convicted Calandra of disorderly conduct, before sentencing the court granted his motion to dismiss that conviction on the grounds that it was a lesser included offense of aggravated assault, which the State did not contest.

evidence is undisputed that A.M. texted her boss and co-worker during the incident that she was afraid Calandra may attack her if she tried to call the police. A.M. also recorded herself telling Calandra that he made her afraid, and she told the deputy that she was afraid when Calandra was standing over her with a knife. Moreover, the deputy testified that she was shaking and seemed scared when he spoke with her. *See State v. Goudeau*, 239 Ariz. 421, 462, ¶ 174 (2016) (finding that, even when a victim did not testify, a jury could reasonably conclude that the victim's reaction was based on apprehension of imminent physical harm). Because the State met its burden of proof of showing that Calandra committed aggravated assault, we affirm his conviction and resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED:          JT