580 P.2d 774

**HECLA MINING COMPANY, and Commercial Union Insurance Co. c/o Commercial Assurance Insurance Companies, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Carl L. Cook, Respondent Employee.**

**No. 1 CA–IC 1761.**

Court of Appeals of Arizona, Division 1, Department C.

May 18, 1978.

---

4. The parties had stipulated that attorney fees would be due if Wiegand was successful and therefore the issue of whether such fees are

mandatory or discretionary under § 23–355 is not before us.

Lewis & Roca by Merton E. Marks, James B. Long, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Hill & Savoy by Cheryl K. Hendrix and John E. Savoy, Phoenix, for respondent employee.

WREN, Judge.

Petitioners seek review of an award granting unscheduled permanent partial disability to respondent employee, Carl L. Cook. Two issues have been raised: (1) whether the medical opinion upon which the award was based was speculative and conjectural and therefore insufficient to support the award; and (2) whether it was error to award permanent disability based on an evaluation that took place prior to the stationary date. We have determined that petitioners' argument on the second issue is well-taken and therefore set aside the award.

The respondent employee, Carl L. Cook, injured his back while employed as a hoisting engineer. The medical diagnosis was acute lumbosacral strain. Following hospitalization Cook was eventually examined in group consultation on June 22, 1976 by two orthopedic surgeons and a specialist in occupational medicine. The group determined that while he should not return to heavy work he had no measurable permanent impairment attributable to the industrial injury. Based on this report the carrier issued a Notice of Claim Status on July 22, 1976, which terminated temporary compensation and medical benefits and advised Cook that he had no permanent disability.

Dr. Gary Busenkell, the attending physician, first examined Cook in July of 1975. He testified at the hearing that his last examination was on May 19, 1976 and that he had no information concerning his condition subsequent to that examination. The award was ultimately entered on February 22, 1977 under which medical benefits and temporary compensation benefits through June 22, 1976, the stationary date, were granted.

These findings are fatal to the award. Having adopted June 22, 1976 as the stationary date, the hearing officer committed error in accepting Dr. Busenkell's opinion of permanent disability based on the May 19, 1976 valuation. Furthermore, Dr. Busenkell testified that when he last examined Cook he expected his condition to improve. *Cf. Aluminum Company of America v. Industrial Commission*, 61 Ariz. 520, 152 P.2d 297 (1944); *Continental Casualty Company v. Industrial Commission*, 23 Ariz.App. 294, 532 P.2d 869 (1975).

Either Cook's condition was stationary on June 22, 1976, and the determination of permanency by Dr. Busenkell on May 19, 1976 was premature, or his condition was stationary and permanent on May 19, 1976, and the hearing officer erred in awarding temporary compensation benefits through June 22, 1976. In either case, the award is in error and must be set aside.

Moreover, the respondent employee did not address this issue in his answering brief, although it was raised in the opening brief. Failure to respond to this debatable issue constitutes a confession of error. *Bulova Watch Company v. Super City Depart-*

*ment Stores of Arizona, Inc.*, 4 Ariz.App. 553, 422 P.2d 184 (1967).

Award set aside.

DONOFRIO, P. J., and FROEB, C. J., concur.