NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FRANCO CALABRESE, a single man, *Plaintiff/Appellant*,

*v.*

CHRISTINA M. FORTIN, a single woman; JOSEPH ALAN RAPPAZZO, a single man; SUSAN GUNDERSON, a single woman; JIM BROWN, a single man; DREEM GREEN aka DREEM GREEN, INC., an Arizona non-profit corporation, *Defendants/Appellees*.

No. 1 CA-CV 14-0818
FILED 8-8-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-050329
The Honorable John R. Hannah, Jr., Judge
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Goldman & Zwillinger PLLC, Scottsdale
By Mark D. Goldman, Carolyn Goldman, Jeff S. Surdakowski
*Counsel for Plaintiff/Appellant*

Osborn Maledon, PA, Phoenix
By Joseph N. Roth, Brian K. Mosley
*Co-Counsel for Defendant/Appellee Joseph Alan Rappazzo*

Thrasher Jemsek PLLC, Phoenix
By Benjamin Robert Jemsek
*Co-Counsel for Defendant/Appellee Joseph Alan Rappazzo*

Sacks Tierney PA, Scottsdale
By Philip R. Rudd
*Counsel for Defendant/Appellee Dreem Green*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler[1] joined.

---

**J O N E S**, Judge:

**¶1**　　　　Franco Calabrese appeals the trial court's order granting summary judgment in favor of defendants Christina Fortin, Jim Brown, Dreem Green (collectively, Dreem Green Appellees), Joseph Rappazzo, and Susan Gunderson.  For the following reasons, we affirm the order granting summary judgment but vacate the award of attorneys' fees to Fortin.

**FACTS[2] AND PROCEDURAL HISTORY**

**¶2**　　　　Fortin is a founding member of Dreem Green, a non-profit corporation formed to operate a medical marijuana dispensary.  The underlying action arises from two agreements (the October 2012 Agreement and the February 2013 Agreement, or, collectively, the Agreements), whereby Fortin, acting on behalf of Dreem Green, appointed Calabrese to Dreem Green's board of directors (the Board) to replace

---

[1]　　　　The Honorable Donn Kessler, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 20, of the Arizona Constitution.

[2]　　　　In reviewing an order granting summary judgment, we view the facts "in the light most favorable to the party against whom summary judgment was entered."  *Parkway Bank & Tr. Co. v. Zivkovic*, 232 Ariz. 286, 289, ¶ 10 (App. 2013) (citing *Riley, Hoggatt & Suagee v. English*, 177 Ariz. 10, 12-13 (1993)).

another director. In March 2013, Fortin, purporting to act under the authority of Arizona Revised Statutes (A.R.S.) § 10-3809(B)[3] (stating "an appointed director may be removed with or without cause by the person appointing the director"), removed Calabrese from the Board. Calabrese sued Fortin, alleging five contract-based claims, and also brought claims against John Doe defendants for tortious interference with contract and business expectancies.

¶3            Fortin moved for summary judgment. A week later, Calabrese filed an amended complaint adding Dreem Green as a defendant on the contract claims and naming Rappazzo, Gunderson, and Brown as defendants on the tortious interference claims. Calabrese then moved for summary judgment, seeking a ruling that "Fortin cannot rely upon A.R.S. § 10-3809(B) as a defense in this action." The remaining parties entered appearances, but did not answer or file other responsive pleadings.

¶4            After full briefing and oral argument, the trial court granted Fortin's motion for summary judgment, denied Calabrese's, and entered a final judgment in favor of Fortin "and all other co-defendants on each and every Count in the Plaintiff's Complaint which included contract-based claims for relief." After it determined the matter arose out of contract, the court awarded Fortin over $50,000 in attorneys' fees and costs. *See* A.R.S. § 12-341.01(A). Calabrese timely appealed. This Court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).[4]

---

[3]            Absent material changes from the relevant date, we cite a statute's current version.

[4]            Here, the trial court certified the judgment as final pursuant to Arizona Rule of Civil Procedure 54(c). However, "[t]he inclusion of Rule 54(c) language in a judgment that does not resolve all claims by all parties is not a final judgment." *Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 224, ¶ 11 (App. 2014). Although the court did not specifically address the tortious interference claims, the record and appellate briefing support the conclusion that the court intended to effect a dismissal of all claims against all defendants and, therefore, the court's summary judgment order was a final, appealable judgment. *See Musa v. Adrian*, 130 Ariz. 311, 312 (1981) (stating "the appellate court must determine that it has jurisdiction," which "is limited to final judgments which dispose of all claims against all parties") (citation omitted).

**MOTION TO DISMISS**

**¶5**       Dreem Green moves to dismiss the appeal, arguing it is moot because: (1) a settlement with Rush 702, Ltd., in a related case resolved Calabrese's claims against Dreem Green; and (2) the members of the Board have been completely replaced pursuant to an order in a separate receivership action.  For the following reasons, we deny the motion.

**¶6**       First, Dreem Green offers no persuasive explanation how Calabrese is bound by a settlement between Dreem Green and Rush 702. *See Sierra Tucson, Inc. v. Bergin,* 239 Ariz. 507, 510, ¶ 7 (App. 2016) (recognizing the "longstanding general rule that only parties to a contract are subject to . . . its terms") (citing *Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.*, 218 Ariz. 574, 575, ¶ 5 (2008), and *Carroll v. Lee*, 148 Ariz. 10, 13 (1986)).  Although Dreem Green suggests Calabrese is an associate of Rush 702 and his claims "are simply derivative of the settled Rush 702 claims," it offers no record support for either statement.  Nor has Dreem Green presented conclusive evidence the parties believe the Rush 702 litigation is resolved.[5]

**¶7**       Second, due process requires Calabrese have notice and a meaningful opportunity to be heard.  *See Mathews v. Eldridge*, 424 U.S. 319, 348-49 (1976) (citing *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 171-72 (1951) (Frankfurter, J., concurring)); *see also Emmett McLoughlin Realty, Inc. v. Pima Cty.*, 212 Ariz. 351, 355, ¶ 17 (App. 2006) (citations omitted). Dreem Green concedes Calabrese was not a party to the receivership case but argues Calabrese had constructive notice of the receivership because his current counsel represented Fortin therein.  Dreem Green seemingly implies that Calabrese, by virtue of his counsel's involvement in the receivership while representing a different client, could or should have moved to intervene, and, because he did not, has no right to be heard on issues decided therein.  Notwithstanding the troublesome implications of such an assertion, we will not address an argument not properly developed or supported by legal authority. *See Stafford v. Burns*, 241 Ariz. 474, 483, ¶ 34 (App. 2017) (citing *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2, ¶ 6 (App. 2007)).

---

[5]       Although a June 2015 notice of settlement filed in this appeal indicated the Dreem Green Appellees and Calabrese had reached a settlement, a stipulation to dismiss the appeal was not filed.

**DISCUSSION**

## I. Summary Judgment

¶8        On appeal, Calabrese first argues the trial court erred in granting summary judgment in Fortin's favor.  A motion for summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense."  *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990); *see also* Ariz. R. Civ. P. 56(a) ("The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.").  We review *de novo* whether there are any genuine issues of material fact and whether the court properly applied the law, as well as questions of contract interpretation.  *Zivkovic*, 232 Ariz. at 289, ¶ 10 (factual issues and application of the law) (citation omitted); *Grubb & Ellis Mgmt. Servs., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 86, ¶ 12 (App. 2006) (contract interpretation) (citation omitted).  We will affirm the granting of a motion for summary judgment if correct for any reason supported by the record, "even if not explicitly considered by the superior court."[6]  *KB Home Tucson, Inc. v. Charter Oak Fire Ins.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014) (citation omitted).

¶9        Specifically, Calabrese contends Fortin, acting on behalf of Dreem Green, breached Calabrese's contractual right to be on the Board.  However, even assuming this to be true, the plaintiff in a breach of contract action has the burden of proving "the existence of a contract, its breach and resulting damages."  *Graham v. Asbury*, 112 Ariz. 184, 185 (1975) (citing *Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90, 94 (1963)).  Moreover, the plaintiff must "show the amount of [his] damages with reasonable certainty.  [Although] 'certainty in amount' of damages is not essential to recovery when the *fact* of damage is proven."  *Gilmore v. Cohen*, 95 Ariz. 34, 36 (1963) (citations omitted).  Nonetheless, mere conjecture or speculation cannot provide the basis for an award of damages; rather, "the evidence must make an 'approximately accurate estimate' possible."  *Id.* (quoting

---

[6]        On this basis, we reject Calabrese's argument that the trial court's failure to state the basis for its ruling constituted reversible error.  *See also* Ariz. R. Civ. P. 56(a) (stating "[t]he court *should* state on the record the reasons for granting or denying the motion" for summary judgment, but not requiring reasons be given) (emphasis added).

*McNutt Oil & Refining Co. v. D'Ascoli*, 79 Ariz. 28, 34 (1955), and *Martin v. La Fon*, 55 Ariz. 196, 200 (1940)).

¶10     Rappazzo argues summary judgment should be affirmed because Calabrese waived any argument as to his contract damages by failing to adequately address the issue in his opening brief.  To preserve an issue on appeal, an appellant is required to develop his arguments "and support them with citations to the authorities, statutes and parts of the record relied on."  *In re Aubuchon*, 233 Ariz. 62, 64, ¶ 6 (2013) (internal quotation and citation omitted); *see also* ARCAP 13(a)(7)(A) (requiring an opening brief to include an "'argument' that must contain: . . . [the a]ppellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies").  "Merely mentioning an argument is not enough: 'In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.  Failure to argue a claim usually constitutes abandonment and waiver of that claim.'"  *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004) (quoting *State v. Carver*, 160 Ariz. 167, 175 (1989)).

¶11     Calabrese has failed to properly address the existence or amount of his contractual damages beyond a passing mention in his opening brief.  The argument he does present is conclusory and speculative, and does not approach "an approximately accurate estimate"; his argument is therefore insufficient to raise the issue.  Moreover, the meager portion of the record to which Calabrese cites as support actually controverts his position and tends to further demonstrate his inability to prove damages with reasonable certainty.  We thus find Calabrese has waived review of summary judgment on his claims for breach of contract.

¶12     Calabrese's failure to argue his damages on appeal is likewise detrimental to his claims for tortious interference.  To prove a claim for tortious interference with either contractual relations or business expectancies, a plaintiff must show "resultant damage to the party whose relationship or expectancy has been disrupted."  *Neonatology Assocs., Ltd. v. Phx. Perinatal Assocs. Inc.*, 216 Ariz. 185, 187, ¶ 7 (App. 2007) (contractual relations) (quoting *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 427 (App. 1995)); *Dube v. Likins,* 216 Ariz. 406, 412, ¶ 14 (App. 2007) (business expectancy) (citing *Miller v. Hehlen*, 209 Ariz. 462, 471, ¶ 32 (App. 2005)).  Because Calabrese has waived his claim for damages, *see supra* ¶ 11, his claims for tortious interference fail.

## II.    Attorneys' Fees

¶13        Calabrese argues the trial court erred in awarding Fortin attorneys' fees.  Fortin did not file an answering brief.  "[W]hen an appellant raises a debatable issue, the court, in its discretion, may find that an appellee's failure to file an answering brief constitutes a confession of error."  *State ex rel. McDougall v. Superior Court*, 174 Ariz. 450, 452 (App. 1993) (citing *State v. Greenlee Cty. Justice Court, Precinct 2*, 157 Ariz. 270, 271 (App. 1988)).  We find such a confession here, and, accordingly, vacate the award of attorneys' fees to Fortin.

## CONCLUSION

¶14        The trial court's order granting summary judgment in favor of Appellees is affirmed.  The award of attorneys' fees to Fortin is vacated.

¶15        Both Calabrese and Dreem Green request attorneys' fees on appeal pursuant to A.R.S. § 12-341.01(A) (authorizing the court to award reasonable attorneys' fees to the successful party in an action arising out of contract).  Calabrese is not the successful party and is not eligible for an award of fees.  In our discretion, we deny Dreem Green's request.  However, as the successful parties, Appellees are awarded their costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:  AA

7