NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

WILLIAM CUNNINGTON, *Petitioner*,

*v.*

THE HONORABLE RONDA FISK, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

DANA CUNNINGTON, *Real Party in Interest.*

No. 1 CA-SA 22-0033

FILED 5-12-2022

---

Appeal from the Superior Court in Maricopa County
No.  FN2021-004487
The Honorable Ronda R. Fisk, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Curry Pearson & Wooten PLC, Phoenix
By Daniel Seth Riley
*Counsel for Petitioner*

Pittman Law Offices PLLC, Mesa
By Samuel Pittman
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A**, Judge:

¶1        William Cunnington ("Husband") petitions for special action in an annulment proceeding against Dana Cunnington ("Wife") after the superior court granted Wife exclusive use and possession of his sole and separate property in temporary orders. For the following reasons, we accept special action jurisdiction and grant the relief requested.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife were married in September or October of 2020. Husband filed a petition to annul the marriage in October 2021. The parties filed cross-motions for temporary orders asking, in part, for immediate possession of a 2014 Range Rover. Both parties acknowledged in their prehearing statements that the vehicle is Husband's sole and separate property.

¶3        At the temporary orders hearing, Husband testified he had purchased the vehicle and paid off the associated auto loan prior to marriage. Wife acknowledged that the vehicle is Husband's sole and separate property but testified that she had driven the vehicle before and during marriage. In its temporary orders, the superior court granted Wife's request for exclusive use and possession of the vehicle. Husband petitioned for special action.

¶4        Husband raises an issue with no "equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Act. 1(a). Further, the petition presents a purely legal question of statewide importance that is likely to arise again. *Jordan v. Rea*, 221 Ariz. 581, 586, ¶ 8 (App. 2009). Therefore, in our discretion we accept special action jurisdiction and grant the relief requested.

## DISCUSSION

¶5        We note Wife failed to file an answering brief in response to Husband's petition. "When an appellant raises debatable issues, the failure to file an answering brief generally constitutes a confession of reversible

error in civil cases." *State v. Greenlee County Justice Court, Precinct 2*, 157 Ariz. 270, 271 (App. 1988). However, this may be waived in our discretion. *Id.* Because the resolution of this case involves a purely legal question, we opt to address its merits.

**¶6** Husband argues the superior court erred in granting Wife use and possession of his sole and separate property through temporary orders. Husband relies on the language of A.R.S. § 25-318(A) to support this argument, which states in relevant part that "the court shall assign each spouse's sole and separate property to such spouse." We review matters involving statutory interpretation de novo. *Beatie v. Beatie*, 235 Ariz. 427, 430, ¶ 14 (App. 2014). When interpreting a statute, we look first to its language, which if clear and unambiguous, we apply without employing other principles of statutory interpretation. *Id.* at 431, ¶ 19.

**¶7** The temporary orders statute authorizes the court to issue orders with respect to the parties' property, but such orders must be made in conformity with A.R.S. § 25-318. A.R.S. § 25-315(E). There is no claim, argument, or evidence in our record that Wife has any interest in the vehicle. To the contrary, Husband and Wife agree the vehicle is Husband's sole and separate property. Therefore, because A.R.S. § 25-318(A) unambiguously directs the court to assign each spouse's sole and separate property to such spouse, the superior court was limited in its temporary orders to assigning the vehicle to Husband as its owner.

**¶8** Husband further argues the court's temporary orders endanger his interest in the vehicle because the family court cannot award him judgment for any damages Wife might inflict upon the vehicle while it is in her care. *Weaver v. Weaver*, 131 Ariz. 586, 587 (1982) (holding that the court lacks jurisdiction to grant a money judgment against one spouse for damage to the separate property of the other spouse in a dissolution proceeding). We agree, but note that our decision remedies this concern.

**¶9** In sum, although Wife argued at the temporary orders hearing that the 2014 Range Rover was her only means of transportation, the express language of A.R.S. § 25-318(A) makes clear that the superior court did not have authority to assign her use of Husband's sole and separate property. We note, however, that A.R.S. § 25-315 authorizes the court to award temporary spousal maintenance "in amounts and on terms just and proper in the circumstances." A.R.S. § 25-315(E). It may well be worthwhile for the parties and the court to consider such options upon remand, though we express no opinion as to their justification.

## CONCLUSION

**¶10** For the foregoing reasons, we grant relief and reverse the superior court's temporary orders with respect to the 2014 Range Rover. We further direct the superior court to amend its temporary orders to assign this vehicle to Husband as his sole and separate property.



AMY M. WOOD • Clerk of the Court
FILED: AA